UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE C. POSEY,

    Petitioner,

v.

JEFF WOODS,

    Respondent.
_____/

Case No. 2:12-CV-10655

HON. AVERN COHN

### ORDER DENYING
### MOTION FOR THE APPOINTMENT OF INVESTIGATION ASSISTANCE (Doc. 3)
### AND MOTION FOR AN EVIDENTIARY HEARING (Doc. 4)

I. Introduction

This is a habeas case under 28 U.S.C. §2254. Petitioner Eugene C. Posey is a state prisoner convicted of second degree murder, assault with intent to commit murder, and felony firearm. Before the Court are Petitioner's motion for the appointment of investigation assistance and motion for an evidentiary hearing. For the reasons that follow, the motions will be denied without prejudice.

II. Motion for Investigation Assistance

In Petitioner's motion for the appointment of investigation assistance, he seeks to take depositions from several witnesses whose testimony he alleges would support his ineffective assistance of counsel claim.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief.  *See Bracy*, 520 U.S. at 908-09.  The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d 442, 460 (6th Cir. 2001).  However, a district court is precluded from considering new evidence when reviewing a petition under § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings.  *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–1401 (2011),

Here, Petitioner filed his petition on February 14, 2012.  Respondent has been directed to file an answer and the Rule 5 materials by August 20, 2012.  Until Respondent files an answer to the habeas petition, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow."  *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. Sept. 21, 2007).  In addition, none of the Rule 5 materials have been received by the Court; "and receipt of those materials may obviate the need to order discovery."  *Shaw,* No. 2007 WL 2752372, at * 3.  As such, Petitioner's motion is premature.

### III.  Motion for Evidentiary Hearing

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas

relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

Again, because the Court has not yet received an answer or the Rule 5 materials, it cannot determine whether an evidentiary hearing on petitioner's claims is needed. Following receipt of these materials, the Court will determine whether an evidentiary hearing is necessary to resolve petitioner's claims.

## IV.  Conclusion

For the reasons stated above, the motion for the appointment of investigation assistance and the motion for an evidentiary hearing are **DENIED WITHOUT PREJUDICE**. The Court will reconsider petitioner's motions if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that additional discovery or an evidentiary hearing are necessary. Petitioner need not file additional papers regarding these matters.

**SO ORDERED.**

Dated:  July 19, 2012         s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

**12-10655  Posey v. Woods**
**Order Denying Motion for the Appointment of Counsel and**
**Motion for an Evidentiary Hearing**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 19, 2012, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160