UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE POSEY,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent,

_____/

Case No. 12-CV-10655

HON. AVERN COHN

**MEMORANDUM AND ORDER GRANTING PETITIONER'S MOTION TO HOLD IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 20)
AND
IMPOSING TIME LIMITS ON PETITIONER FOR EXHAUSTING HIS CLAMS AND RETURNING TO THIS COURT
AND
CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Eugene Posey (Petitioner) is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner has filed a *pro se* petition for a writ of habeas corpus challenging his convictions for second-degree murder, assault with intent to commit murder, and possession of a firearm in the commission of a felony. Respondent filed a motion to dismiss the petition on the ground that it contains claims that have not been properly exhausted with the state courts. In response, petitioner filed a motion to hold the petition in abeyance so that he can return to the state courts to properly exhaust these claims. For the reasons that follow, petitioner's motion will be granted. In lieu of dismissal, as urged by respondent, the petition will be held in abeyance and

proceedings will be stayed to permit petitioner to return to the state courts to exhaust his additional claims. The Court will also administratively close the case.

## II. Background

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Posey,* No. 291075, 2010 WL 2696644 (Mich. Ct .App. July 8, 2010); *lv. den.* 488 Mich. 1039 (2011).

On February 7, 2012, petitioner filed a petition for writ of habeas corpus with this Court, in which he seeks habeas relief on the following grounds: [1]

> I. The trial court violated Mr. Posey's due process rights by refusing to consider imperfect self-defense as a mitigating factor in this case.
>
> II. The trial court erroneously assessed Mr. Posey 25 points for OV 3 and OV 6 and 15 points for OV 5, thereby increasing the recommended range for the minimum sentence, and entitling him to a resentencing.
>
> III. The trial court violated Mr. Posey's due process rights by scoring sentencing guideline offense variables and increasing the sentencing guideline range based on disputed facts which the prosecutor did not charge and prove beyond a reasonable doubt at trial.
>
> IV. Eugene Posey's United States Constitutional rights of the Sixth Amendment was violated where trial counsel Matthew Evans provided ineffective assistance at trial by:
>
> A. Failing to object to the prosecutor's striking of res gestae witness Nehmia Griggs from the witness list, where the testimony would have been favorable to the defense by supporting defendant's self-defense claim.
>
> B. Failing to investigate and move for the endorsement and production of res gestae witnesses Michael Grayson, Michael Payne, Anthony Payne, and

---

[1] Under the prison mailbox rule, this court will assume that petitioner actually filed his habeas petition on February 7, 2012, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

Terrance Holiburton; all who may have given testimony favorable to the defense by supporting the defendant's claim of self-defense, and proving that defendant is actually innocent of the underlying offenses.

C. Failing to discredit and impeach the prosecutor's star witness Marcel Riddle by using his prior convictions of theft crimes (receiving and concealing a stolen vehicle) and his perjured testimony he gave under oath during the defendant's trial.

V. Eugene Posey has suffered unconstitutional violations of both his Sixth Amendment rights to a fair and impartial trial, and his fourteenth amendment rights to due process of law under the United States Constitution and the Michigan Constitution article I §§ 17, 20 where the prosecution's failure to present the whole transaction, by failing to exercise due diligence in summoning and producing a known res gestae witness (Jimmy Young AKA Cal) who would have testified in a manner favorable to the defendant and supporting his self-defense claim.

### III. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1). Exhaustion requires the prisoner to give the state courts a full fair opportunity to resolve any federal constitutional issues "by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Here, petitioner's fourth and fifth claims were not raised on his direct appeal in the Michigan Court of Appeals, but were raised only for the first time in petitioner's application for leave to appeal before the Michigan Supreme Court. Petitioner's failure to present these claims on his direct appeal with the Michigan Court of Appeals does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 Fed. Appx. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 Fed. Appx. 543, 549 (6th

Cir. 2006).

In addition, to the extent that petitioner now appears to be raising an additional ineffective assistance of appellate counsel claim, such a claim has not yet been presented to the state courts. A claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004). Moreover, the mere fact that appellate counsel failed to raise petitioner's fourth and fifth claims on petitioner's direct appeal would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust these new claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures).

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423. Moreover, the only circumstance in which mixed petitions may be considered by a district court is where the Court determines that the petition must be dismissed in its entirety. *Id.* at 424. The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003).

Here, petitioner has an available state court remedy with which to exhaust his claims by returning to the state court and file a motion for relief from judgment under M.C.R. 6.500.  Upon the filing of such a motion, the rial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing.  M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302.

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts.

A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred.  See Hargrove v. Brigano, 300 F. 3d 717, 720-21 (6th Cir. 2002).  Where a petition is "mixed," that is, it contains exhausted and unexhausted claims, a federal court may stay the mixed petition in federal court to allow the petitioner to present his unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Petitioner's claims do not appear to be "plainly meritless." Wagner, 581 F. 3d at 419.  Further, petitioner may assert that he did not previously raise these claims in the

5

state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty (60) days from the date of this Order. *See id.* Further, he must return to federal court and ask to lift the stay within sixty (60) days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### IV. Conclusion

For the reasons stated above, petitioner's Motion to Hold Habeas Petition in Abeyance is GRANTED.

Further proceedings in this case are stayed pending exhaustion of state court remedies. The case shall be stayed provided that: (I) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this Order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies.

To avoid administrative difficulties, the Court orders the Clerk of Court to CLOSE

this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

           S/Avern Cohn
           AVERN COHN
           UNITED STATES DISTRICT JUDGE

Dated: October 18, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 18, 2012, by electronic and/or ordinary mail.

           S/Julie Owens
           Case Manager, (313) 234-5160