UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE POSEY,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent.

_____/

Case No. 12-10655

HON. AVERN COHN

## ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL

**I.**

This is a habeas case under 28 U.S.C. § 2254. In 2012, Petitioner Eugene Posey, filed a *pro se* petition for a writ of habeas corpus challenging his convictions for second-degree murder, assault with intent to commit murder, and possession of a firearm in the commission of a felony. (Doc. 1). Respondent filed a motion to dismiss on the ground that the petition contained claims that had not been properly exhausted with the state courts. (Doc. 18). In lieu of dismissal, the Court held the petition in abeyance so that Petitioner could exhaust his additional claims with the state courts. The stay was conditioned upon petitioner filing a post-conviction motion within 60 days of the Court's order and returning to this Court within 60 days of the conclusion of the state post-conviction proceedings and filing a motion to reopen the case. The Court also administratively closed the case. (Doc. 24).

Before the Court is Petitioner's motion for the appointment of counsel. (Doc. 27). Petitioner requests counsel to assist him with re-filing his petition, presumably now that he has exhausted all of his claims. For the reasons that follow, the motion will be denied without prejudice to consideration upon reopening of the case.

II.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).

III.

Here, Petitioner's case is currently closed. Petitioner first needs to file a motion to reopen the case in order to proceed with his request for the appointment of counsel. Petitioner does not need counsel to assist him with preparing a motion to reopen the case because such a motion is not complicated to prepare or file.

Upon the reopening of the case, the Court will consider Petitioner's request for counsel. Petitioner need not file another motion regarding requesting counsel. In the meantime, the motion for appointment of counsel is DENIED WITHOUT PREJUDICE to consideration upon reopening of the case.

SO ORDERED.

s/Avern Cohn
Avern Cohn
United States District Judge

Dated: August 3, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager