UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE POSEY,

    Petitioner,

v.

CATHERINE BAUMAN,

    Respondent.

_____/

Case No.12-10655

HON. AVERN COHN

### ORDER
### GRANTING PETITIONER'S MOTIONS FOR AN EXTENSION OF TIME (Docs. 41, 42)
### AND
### DENYING AS MOOT PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO AMEND THE PETITION (Doc. 37)
### AND
### DENYING PETITIONER'S MOTION FOR IMMEDIATE CONSIDERATION (Doc. 40)

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner, a state prisoner proceeding pro se, challenges his state court conviction. In 2012, the Court granted Petitioner's motion to stay and hold the petition in abeyance so Petitioner could exhaust additional claims in the state courts. (Doc. 24). On September 2, 2015, the Court granted Petitioner's motion to reopen the case to the Court's docket. (Doc. 32). The Court also gave Petitioner ninety days from the date of the order to file an amended habeas petition. Petitioner filed a motion for an extension of time to file the amended petition. (Doc. 33). Petitioner also submitted an amended petition. (Doc. 34). Respondent filed an answer to the petition on February 29, 2016. (Doc. 38).

1

Before the Court are several motions by Petitioner, as follows:

- Two motions for an extension of time to file a reply brief. (Doc. 41, 42)
- A motion for an extension of time to file an amended habeas petition. (Doc. 37)
- A motion for immediate consideration. (Doc. 40).

II.

A.

The motions for an extension of time will be granted. Petitioner shall have sixty (60) days from the date of this order to file a reply brief.

B.

The motion for an extension of time to file an amended petition is moot. Petitioner filed his motion for an extension of time to file an amended petition on December 31, 2015, before the Court granted his first request for an extension of time to file an amended petition. Moreover, in a letter sent by Petitioner to the Court dated January 6, 2016, (Doc. 36), Petitioner indicates he no longer wishes to amend one of his claims.

C.

In his motion for immediate consideration, Petitioner asks the Court to again consider his motions for appointment of counsel, for the appointment of investigative assistance, for discovery, and a renewed motion for appointment of counsel. This motion will be denied.

The Court previously denied Petitioner's motion for investigative assistance and motion for an evidentiary hearing. (Doc. 17). The Court also denied Petitioner's renewed motion for the appointment of counsel. (Doc. 28).

Regarding the appointment of counsel, there is no constitutional right to counsel in habeas proceedings. <u>Cobas v. Burgess,</u> 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. <u>Mira v. Marshall</u>, 806 F. 2d 636, 638 (6th Cir. 1986).

Here, Petitioner filed a petition for writ of habeas corpus and an amended petition for writ of habeas corpus, along with numerous motions. Petitioner therefore has the means and ability to present his claims. Furthermore, until the Court reviews the papers and the Rule 5 materials, it is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. The request for the appointment of counsel is denied without prejudice.

Regarding Petitioner's motion for discovery and for investigative assistance to depose witnesses, "[a] habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Until the Court reviews the pleadings, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." <u>Gengler v. United States ex rel. Dept. of Defense & Navy</u>, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006). In addition, the Rule 5 materials have not yet been filed.

These materials, which consist of the entire state court record, may eliminate Petitioner's need for discovery. As such, Petitioner's request for discovery and investigative assistance are denied without prejudice.

III.

Petitioner's motions for an extension of time to file a reply brief (Doc. 41, 42) are GRANTED. Petitioner has sixty days from the date of the order to file a reply brief.

Petitioner's motion for an extension of time to file an amended petition (Doc. 37) is DENIED AS MOOT.

Petitioner's motion for immediate consideration (Doc. 40) is DENIED.

SO ORDERED.

                              S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

Dated: April 14, 2016
      Detroit, Michigan