UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE POSEY,

    Petitioner,

v.

                                   Case No. 12-10655

                                   HON. AVERN COHN

CATHERINE BAUMAN,

    Respondent,

_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Eugene Posey (Petitioner) is a state inmate serving a sentence of twenty five to sixty years in prison for second-degree murder, M.C.L. § 750.317; twenty five to sixty years for assault with intent to murder, M.C.L. § 750.83; and a consecutive two year sentence for felony-firearm, M.C.L. § 750.227b.  Petitioner has filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights.  Respondent, through the Attorney General's Office, contends that Petitioner's claims lack merit or are procedurally defaulted.  For the reasons which follow, the petition will be denied.

II.  Procedural History

Petitioner was originally charged with first-degree murder, assault with intent to commit murder, and felony-firearm.  Following a bench trial, Petitioner was found guilty

1

of the lesser included offense of second-degree murder and guilty as charged of the other two offenses. Petitioner filed a direct appeal. The Michigan Court of Appeals affirmed his conviction. People v. Posey, 2010 WL 2696644 (Mich. Ct. App. July 8, 2010). The Michigan Supreme Court denied leave. People v. Posey, 488 Mich. 1039 (2011).

Petitioner filed a pro se petition for a writ of habeas corpus. Respondent filed a motion to dismiss on the ground that it contained claims that had not been properly exhausted with the state courts. In lieu of dismissing the petition, the Court held the habeas petition in abeyance to permit Petitioner to return to the state courts to exhaust these claims and administratively closed the case. (Doc. 24).

Petitioner returned to state court and filed a motion for relief from judgment. The trial court denied the motion. People v. Posey, No. 08-0142429-01 (Third Cir. Ct. Crim. Div. March 29. 2013). The Michigan appellate courts denied Petitioner leave to appeal. People v. Posey, No. 318409 (Mich. Ct. App. June 2, 2014); lv. den. 497 Mich. 1010 (2015).

Petitioner then returned to federal court and filed a motion to reopen. The Court granted the motion. (Doc. 32). Petitioner then filed an amended petition, Doc. 34, which Respondent has answered, Doc. 35.

Petitioner seeks habeas relief on the following grounds:

I. The trial court violated Posey's Fourteenth Amendment due process rights by refusing to instruct itself on imperfect self-defense.

II. The trial court erroneously assessed Posey 25 points for OV 3 and OV 6 and 15 points for OV 5, thereby increasing the recommended range for the minimum sentence, and entitling him to re-sentencing.

III. The trial court violated Posey's due process rights by scoring sentencing guideline offense variables and increasing the sentencing guideline range based on disputed facts which the prosecutor did not charge and prove beyond a reasonable doubt at trial.

IV. Posey's Sixth Amendment rights were violated by trial counsel, where trial counsel:

> A. Failed to investigate witness Nehmiah Griggs and present his testimony as evidence to support and substantiate the defendant's claim of self-defense and the defense of others.
>
> B. Failed to investigate witnesses Saint Michael Grayson, Michael Payne, Anthony Payne, and Terrence Holiburton AKA Terry and present their testimonies as evidence to support and substantiate the defendant's claim of self-defense and the defense of others.
>
> C. Failed to discredit and impeach the prosecution's star witness Marcel Riddle with his prior theft crime convictions and his perjured testimony.

V. The prosecutor committed misconduct when he failed to present res gestae witnesses and when he presented false testimony from his star witness.

VI. Eugene Posey's Sixth and Fourteenth Amendment rights were violated by appellate counsel's failure to raise ineffective assistance of trial counsel and prosecutorial misconduct claims on petitioner's first appeal as of right.

VII. Eugene Posey asserts his actual innocence and claims that several violations of his Sixth and Fourteenth Amendment rights resulted in his wrongful conviction and a miscarriage of justice

### III.  Facts

The material facts leading to Petitioner's conviction as gleaned from the trial record follow.

Marcel Riddle is Petitioner's cousin.  Riddle testified that on the day of the shooting, he got into a fistfight with Petitioner.  Riddle indicated that no one else was present during the fight.  Riddle admitted to throwing the first punch but denied being

armed with a weapon. There was a suggestion made at trial that the dispute between the two men was drug related and that it had been going on since Petitioner and Riddle were young. After the fight broke up, Riddle went home and Petitioner went to the home of his aunt, Ursula Griggs. Roughly twenty to thirty minutes later, Riddle and his brother, Shawn Williams, went back to the vacant house next door to the Griggs' home, where he and Petitioner had earlier fought. While Riddle, Williams, and other persons were standing by the house, Petitioner pulled up with his uncle, Nehmiah Griggs. Riddle and his brother approached Petitioner and his uncle and an argument ensued. Following the argument, Riddle and Williams began walking away.

At some point thereafter, Riddle testified that Petitioner retrieved a .40 caliber handgun either from the car that he had been riding in or the vacant house, came around the corner with his right arm extended, and fired the gun at Riddle and Riddle's brother ten to twelve times. Riddle was struck seven times. Williams was also shot and fell to the ground. Riddle testified that Petitioner ran away after the shooting.

Williams died as a result of a single gunshot wound to the left chest. Riddle suffered several gunshot wounds, which required a month long stay at the hospital.

James Griggs is another one of Petitioner's cousins and was sixteen years old at the time of the incident. James is also related to Williams and Riddle. At the time of trial, James was in juvenile custody on a charge of armed robbery at the time of the trial. James testified that he heard gunshots as he observed Riddle and Williams walk to a van. James further testified that he saw Petitioner fire a .40 caliber handgun at the victims about twelve times. After the shooting, James helped Riddle into a van, and someone named "Cal" drove him to the hospital.

4

Ursula Griggs testified that she heard gunshots while standing in a driveway between a vacant house and her home. Ursula further testified that she saw Petitioner come from the backyard of the vacant house and then started shooting at Riddle and Williams. She also testified that Riddle was unarmed. Finally, Ursula testified that Petitioner told her about 15-30 minutes before the shooting that earlier in the day Riddle had struck him in the back of the head.

At the conclusion of the trial, as noted above, the trial court acquitted Petitioner of the original charge of first-degree murder but found him guilty of the lesser included offense of second-degree murder and guilty as charged of the other offenses. The trial court rejected Petitioner's claim of self-defense.

IV. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-

5

06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. See Woods v. Etherton, 136 S. Ct. 1149, 1152 (2016).

V. Petitioner's Claims

A. Right to Present a Defense

1.

Petitioner first contends that he was denied his right to present a defense when the trial court refused to consider his claim of imperfect self-defense. A defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." California v. Trombetta, 467 U.S. 479, 485 (1984).

At the time of Petitioner's trial, the Michigan Supreme Court had not recognized

the doctrine of imperfect self-defense as a defense. The Michigan Court of Appeals, however, had recognized imperfect self-defense as a qualified defense that could mitigate a murder charge to voluntary manslaughter where the defendant would have been entitled to raise the theory of self-defense had he or she not been the initial aggressor. See People v. Kemp, 202 Mich. App. 318, 323; 508 N.W.2d 184 (1993).

Since the time of Petitioner's trial, however, the Michigan Supreme Court held that the doctrine of imperfect self-defense is not available as " a freestanding defense that mitigates a murder to manslaughter because it was not recognized as such under the common law at the time the Legislature codified the crimes of murder and manslaughter." People v. Reese, 491 Mich. 127, 150; 815 N.W.2d 85 (2012).

State courts are the "ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). What is essential to establish the elements of a crime is a matter of state law. See Sanford v. Yukins, 288 F. 3d 855, 862 (6th Cir. 2002). Likewise, "[D]ue process does not require that a defendant be permitted to present any defense he chooses. Rather, states are allowed to define the elements of, and defenses to, state crimes. " See Lakin v. Stine, 80 F. App'x. 368, 373 (6th Cir. 2003)(citing Apprendi v. New Jersey, 530 U.S. 466, 484-87 (2000); McMillan v. Pennsylvania, 477 U.S. 79, 84-86, (1986)). The circumstances under which a criminal defense may be asserted is thus a question of state law. Id.

Here, although at the time of Petitioner's trial the Michigan Court of Appeals had held that the doctrine of imperfect self-defense exists as a defense to the crime of murder, the Michigan Supreme Court has now held that imperfect self-defense is not available as a defense to murder charges in Michigan. Because of this change in the

7

law, Petitioner is not entitled to habeas relief on his claim.

Moreover, habeas relief "is available only to state prisoners who currently are being held in violation of an existing constitutional right, not to inmates who at one point might have been able to show that a since-overruled Supreme Court or lower court precedent would have granted them relief." Desai v. Booker, 538 F. 3d 424, 428 (6th Cir. 2008). The most that Petitioner could hope for is a new trial, in which he would no longer be permitted under Michigan law to raise a defense of imperfect self-defense. Thus, the trial court's failure to consider a defense of imperfect self-defense at Petitioner's trial "is the epitome of a harmless and therefore uncorrectable error on habeas review." Id. (Citing Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)). Petitioner is not entitled to habeas relief on his first claim.

B.  Sentencing Guidelines Claims

In his second and third claims, Petitioner challenges the scoring of several of the offense variables under the Michigan Sentencing Guidelines in his second and third claims. The claim that the trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. See Tironi v. Birkett, 252 F. App'x. 724, 725 (6th Cir. 2007). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." See Mitchell v. Vasbinder, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." Doyle v. Scutt, 347 F.

8

Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score does not merit habeas relief. Id.

Petitioner, however, also contends that the trial court violated his Sixth Amendment right to a trial by jury by using factors that had not been proven beyond a reasonable doubt or admitted to by Petitioner when scoring these offense variables. The Supreme Court recently held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. See Alleyne v. United States, 133 S. Ct. 2151, 2155 ( 2013). Alleyne is an extension of the Supreme Court's holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled Harris v. United States, 536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. Alleyne, 133 S. Ct. at 2157-58.

At the time of Petitioner's conviction and sentence, Harris was good law. In addition, Alleyne has not been made retroactive to cases on collateral review. See In re Mazzio, 756 F.3d 487, 489-90 (6th Cir. 2014). Because the Supreme Court at the time of Petitioner's conviction did not require that facts which increase a criminal defendant's minimum sentence be proven beyond a reasonable doubt, Petitioner is not entitled to habeas relief on his claim. See Gibson v. Tribley, No. 10-13364, 2013 WL

3353905, at * 8 (E.D. Mich. July 3, 2013).[1]

Moreover, Alleyne is inapplicable to Petitioner's case, because the Supreme Court's holding in "Alleyne dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what occurred in Petitioner's case. See United States v. Cooper, 739 F.3d 873, 884 (6th Cir. 2014).

The Michigan Supreme Court recently relied on the Alleyne decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. People v. Lockridge, 498 Mich. 358 (2015). However, Petitioner cannot rely on Lockridge to obtain relief with this Court. "The Michigan Supreme Court's decision in Lockridge does not render the result 'clearly established' for purposes of habeas review." Haller v. Campbell, No. 1:16-CV-206, 2016 WL 1068744, at * 5 (W.D. Mich. Mar. 18, 2016). In light of the fact that the Sixth Circuit has ruled that Alleyne does not apply to sentencing guidelines factors, reasonable jurists at a minimum could disagree about whether Alleyne applies to the calculation of Michigan's minimum sentencing guidelines. Id. at * 6. "Alleyne therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." Id.; See also Perez v. Rivard, No. 2:14-CV-12326, 2015 WL 3620426, at * 12 (E.D. Mich. June 9, 2015)(petitioner not entitled to habeas relief on claim that his sentencing guidelines scored in violation of Alleyne). Petitioner is therefore not entitled

---

[1] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See People v. Babcock, 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing Mich. Comp. Laws § 769.34(2)).

to relief on his second and third claims.

## C. Procedurally Defaulted Claims

### 1.

Respondent contends that Petitioner's fourth and fifth claims are procedurally defaulted because Petitioner raised them for the first time on post-conviction review and failed to establish cause and prejudice, as required by M.C.R. 6.508(D)(3) for failing to raise these claims on his direct appeal. The Court agrees.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(I).

The Supreme Court noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

2.

Here, the Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention Petitioner's failure to raise his claim on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. See Guilmette v. Howes, 624 F. 3d 286, 291 (6th Cir. 2010). The Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims. Id.

Here, the trial court rejected Petitioner's post-conviction claims because Petitioner failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise the issues on Petitioner's direct appeal. See People v. Posey, No. 08-014249-01-FC, Slip. Op. at * 4. Because the trial court denied Petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), Petitioner's fourth and fifth claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). The fact that the trial court may have also discussed the merits of Petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject Petitioner's claims does not alter this analysis. As such, Petitioner's fourth and fifth claims are procedurally defaulted.

The Court recognizes that Petitioner did attempt to present his fourth and fifth claims in his application for leave with the Michigan Supreme Court after the Michigan

Court of Appeals affirmed Petitioner's conviction on his appeal of right. Petitioner's earlier attempt to raise his fourth and fifth claims in his discretionary appeal before the Michigan Supreme Court as part of his direct appeal was insufficient to properly exhaust these claims nor would it exempt Petitioner from the cause and prejudice requirements of M.C.R. 6.508(D)(3).

3.

Because these claims are defaulted, habeas review is barred unless Petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his or her procedural default, it is unnecessary for the court to reach the prejudice issue. Smith v. Murray, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. Murray v. Carrier, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995).

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default for failing to raise this claim on his appeal of right. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. See Jones v. Barnes, 463

U.S. 745, 751 (1983). The Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

Id. at 463 U.S. at 754. Moreover, "[a] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." Id. at 753. (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. at 536 (quoting Barnes, 463 U.S. at 751-52).

In this case, Petitioner has not shown that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his fourth and fifth claims. Appellate counsel filed a brief containing the first three claims raised by Petitioner in his habeas petition. Petitioner has not established that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Michigan Attorney General in the answer to the petition for writ of habeas corpus, none of the claims raised by Petitioner in his post-conviction motion were "dead bang winners." Petitioner has therefore failed to establish cause for his procedural default of failing to raise these

claims on direct review. Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue. Smith v. Murray, 477 U.S. at 533.

Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. Petitioner does not deny shooting the victims but claims he did so in self-defense. Even assuming that Petitioner's self-defense claim amounts to a claim of factual innocence, he is not entitled to relief. The record is clear that the victims were unarmed when Petitioner shot them. The trial court properly and reasonably rejected Petitioner's self-defense claim.

Overall, Petitioner is not entitled to relief on his fourth, fifth, or sixth claims.

### D.  Actual Innocence

In his seventh claim, Petitioner argues he is entitled to habeas relief because of his actual innocence. In Herrera v. Collins, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. Id., See also McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013)("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. See Cress v. Palmer, 484 F.3d 844, 854-55 (6th Cir. 2007)(collecting cases). Petitioner therefore cannot bring a freestanding claim of

actual innocence.

## VI.  Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.  Accordingly, the petition for a writ of habeas corpus is **DENIED.**  The petition is DISMISSED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000)

**SO ORDERED.**

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2016
Detroit, Michigan